IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 13-cv-02019-LTB-CBS

JEWELL SQUARE, LLC

    Plaintiff,

v.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA,

    Defendant.

_____

## ORDER
_____

    This case is before me on Plaintiff, Jewell Square LLC's Motion to Remand. [Doc. # 7]. This motion has been fully briefed and oral argument would not materially aid in its resolution. For the reasons stated below, I deny Plaintiff's motion.

## I. BACKGROUND

    Plaintiff initially filed this case in Jefferson County District Court on May 30, 2013. [Doc. # 7, ex. 1, pp 5-10]. Plaintiff's claims arise out of alleged hail damage to Jewell Square Shopping Center's roof, and Plaintiff's subsequent attempts to collect from its insurance company, Defendant, the Traveler Indemnity Company of America's ("Travelers"). [*Id.*] On June 3, 2013, Plaintiff also filed its Initial Disclosure Statement, as required by state court rules. [*Id*. at 15-18]. Travelers filed its answer on June 24, 2013. [*Id.* at 19-25]. On July 25, 2013 Plaintiff filed both Parties' Joint Case Management Report. [*Id.* at 34-38]. Travelers then filed the Notice of Removal at issue on July 30, 2013. [Doc. # 1]. Plaintiff's Motion to Remand to State Court (Doc. # 7) followed on August 30, 2013, Defendant responded on September 24,

2013 (Doc. # 9), and Plaintiff replied on October 22, 2013 (Doc 12).

## II. LAW

As applicable here, 28 U.S.C. § 1446(b) provides that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

"[T]he plain purpose of the rule is to permit the removal period to begin only after the defendant is able to ascertain intelligently that the requisites of removability are present." *DeBry v. Transamerica Corp.,* 601 F.2d 480, 489 (10th Cir. 1979)(citations omitted).

## III. DISCUSSION

Plaintiff argues that Travelers failed to comply with the thirty day filing requirement set forth in 28 U.S.C. § 1446(b). Specifically, Plaintiff argues that the thirty day trigger date – when it could "first be ascertained" that the case was removable – was, at the latest, June 3, 2013, the date Plaintiff filed its Initial Disclosure Statement in state court that indicated that the amount of damages it sought was higher than the $75,000 required for diversity jurisdiction. [Doc. # 7, ¶ 15].

Plaintiff contends that its Complaint "clearly and unequivocally indicated that Plaintiff was seeking damages for, among other things, the cost of replacing the roof of the Jewell Shopping Center." [Doc. # 7, ¶ 12]. Plaintiff also provides that "Defendant could not have rationally inferred that Plaintiff intended to seek $75,000 or less in damages to cover the cost of replacing the roof of the shopping center." [*Id.*] Furthermore, Plaintiff contends that the filing of its Initial Disclosure Statement and its cited exhibits would put Defendant "on notice" that

Plaintiff's claims exceeded $75,000, making them removable. [Doc. # 7].  Thus, Plaintiff maintains that Travelers' Notice of Removal, filed on July 30, 2013, was untimely pursuant to 28 U.S.C. § 1446(b).

Travelers contends that its Notice of Removal was in fact timely.  Travelers argues that Plaintiff's Complaint "did not give any indication of the dollar amount of the damages sought in the litigation.  Rather, Plaintiff simply stated that judgment should be entered 'in the amount established by the evidence.'" [Doc. # 9, p. 1].  Travelers also argues that while Plaintiff's Initial Disclosure Statement did provide relevant information relating to Plaintiff's claims, it did not identify the damages Plaintiff was seeking nor did it provide any documentation from which Travelers could conclude that Plaintiff was seeking damages more than $75,000. [*Id*. at p. 2]. Instead, Travelers argues that the Parties' Joint Case Management Report was the first time the Plaintiff identified a specific amount of damages.  As such, Traveler's contends that its Notice of Removal was timely. [*Id*.]  I agree.

As relevant here, 28 U.S.C. § 1446(b) requires that for removal to be proper a case be "one which is or has become removable," not a case that most likely will be removable.  *See Akin v. Ashland Chem. Co.,* 156 F.3d 1030, 1036 (10th Cir. 1998) (rejecting a duty to investigate and determine removability when "the right to remove may exist," and instead requiring "clear and unequivocal notice").  Although it was conceivable that Plaintiff's insurance damages claims could amount to more than $75,000, I agree with Travelers that the case did not become removable until the Plaintiff filed the Parties' Joint Case Management Report on July 25, 2013. *See generally DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir. 1979).

Plaintiff's Complaint does not provide an alleged amount of damages, and while it does

discuss the damage to the shopping center's roof, it does not indicate that the roof was replaced. [*See* Doc. 1, ex. 1 pp. 5-10]. Plaintiff's Initial Disclosure Statement also fails to provide any information regarding an alleged amount of damages. [*Id.* at pp. 15-17]. Plaintiff correctly notes that its Initial Disclosure Statement lists several purportedly relevant documents which Plaintiff contends provided an alleged amount of damages. However Plaintiff did not provide the Court with the cited documents. Similarly, Plaintiff makes several arguments regarding alleged email exchanges and other documents without providing them to the court. The Parties' Joint Case Management Report filed on July 25, 2013 is the first document in which Plaintiff indicates the damages it is seeking.

Thus, it is clear that with the information provided, this case was not removable until Plaintiff filed the Parties' Joint Case Management Report on July 25, 2013. As a result, Travelers' Notice of Removal was timely under 28 U.S.C. § 1446(b), as it was filed five days after the case became removable.

Accordingly, I DENY Plaintiff's Motion to Remand **[Doc. # 7]**.

Dated: October 25, 2013, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE